UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  09-23484-Civ-COOKE/TURNOFF

ANDONISHA EDMUNSON,

    Plaintiff
vs.

AKAL SECURITY, INC.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR RECONSIDERATION**

THIS MATTER is before me on the Plaintiff's Motion for Reconsideration (ECF No. 45).  I have reviewed the Parties' arguments, the record, and the relevant legal authorities.  For the reasons provided in this Order, the Plaintiff's Motion for Reconsideration is granted in part and denied in part.

**I. BACKGROUND**

This is an action to recover damages for violations of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq*.  On February 2, 2011, Defendant filed a Motion for Summary Judgment.  (ECF No. 34).  On April 15, 2011, I entered an Order granting Defendants' Motion for Summary Judgment (ECF No. 43), and dismissed the case.  The facts of this case are set forth in detail in that Order.  Plaintiff moves for reconsideration on three grounds:  (i) manifest error of law in interpreting *Mizell v. Miami-Dade Cnty*., 342 F. Supp. 2d 1084, 1095 (S.D. Fla. 2004); (ii) manifest error of fact in concluding that no further confrontations occurred after February 2008; and (iii) manifest error of fact in citation to Plaintiff's opposition brief.  I will review of each of these arguments in turn.

## II. LEGAL STANDARDS

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). To prevail on a motion for reconsideration, a party generally must present at least one of "three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

## III. ANALYSIS

### A. **Manifest Error of Law in Interpreting Case Law**

Plaintiff argues that I made a manifest error of law in interpreting *Mizell v. Miami-Dade Cnty.*, 342 F. Supp. 2d 1084, 1095 (S.D. Fla. 2004), in the following sentence in my Order granting Motion for Summary Judgment:

> Moreover, the fact that Akal considered terminating Mr. Bloom before deciding to suspend him is not indicative of discriminatory intent. *See Mizell v. Miami-Dade Cnty., Fla.*, 342 F. Supp. 2d 1084, 1095 (S.D. Fla. 2004), *aff'd* 147 Fed. Appx. 871 (11th Cir. 2005) (noting that employer's decision to not follow recommendation to terminate White employee was not evidence of discrimination against Black employee: "Title VII does not take away the [employer's] right to make determinations as it sees fit under its rules.").

I ultimately held that Plaintiff's race and national origin discrimination claims based on her five-day suspension failed because Plaintiff did not show that Akal treated a similarly situated employee more favorably.

The discussion in *Mizell* indicates that a court should look at the employer's final disciplinary decision when analyzing whether an employer treated a similarly situated employee more favorably. 342 F. Supp. 2d at 1095. There, the employer originally recommended terminating the purported similarly situated employee but ultimately decided to suspend him. *Id.*

2

The court looked at the employee's final punishment, rather than the contemplated punishment, and held that he was not a proper comparator. *Id*. Likewise, I considered Akal's final punishment decision—that both Ms. Edmonson and Mr. Bloom be suspended for five days— as a factor to determine that the employees were similarly situated, but treated equally.

*Mizell* is also instructive as it applies to Plaintiff's alternative argument that Mr. Bloom's conduct was more egregious than hers, yet Akal treated him more favorably by giving him equal punishment.  In *Mizell*, the plaintiff tried to argue that a particular employee could serve as a comparator to prove discrimination because his actions were more egregious than the plaintiff's, but the employer treated him more favorably by giving him a lesser punishment than that of the plaintiff.  *Id*.  The *Mizell* court noted that there may have been other reasons for the lesser punishment, and stated, "Title VII does not take away the [employer's] right to make determinations as it sees fit under its rules."  The court indicated that, even if this employee were a proper comparator, the fact that the employer made a decision to give a lesser punishment for more egregious conduct was not necessarily indicative of discriminatory intent.  *Id*.  I cited *Mizell* for this point, as it is analogous to the facts in the present case.  I cannot discern any error of law in interpreting this case.

In her Reply, Plaintiff appears to argue that *Jones v. Bessemer Carraway Medical Center*, 137 F.3d 1306 (11th Cir. 1998), a case cited in *Mizell*, establishes that a court must "point out a nondiscriminatory difference" for the employer's decision to give a lesser punishment.  Although Plaintiff's arguments are far from clear, Plaintiff appears to suggest that *Jones* and *Mizell* create a requirement upon the court to expressly articulate a non-discriminatory reason for the Defendant's punishment decision.  I do not read these cases to impose such a requirement.  Furthermore, my Order expressly states that "the undisputed facts indicate that the employees are similarly situated. Both employees engaged in similar conduct—during the February 2008

3

confrontation, they both made offensive remarks to each other and physically touched each other." It necessarily follows that, given the facts of the case, Akal was entitled to conclude that, because the two employees' conduct was the same (offensive remarks and physical touching), they should receive the same punishment irrespective of race or national origin. It is *Plaintiff's* burden to make out a prima facie case of discrimination. She did not do so.[1]

Plaintiff has failed to show that there is a need to correct a clear error of law. I find that my analysis of *Mizell* was appropriate. Plaintiff's motion for reconsideration on this point is denied.

### B. Manifest Error of Fact regarding 2008 Confrontation

Plaintiff argues that I made a manifest error of fact in making the following conclusion, in a section titled "Officer Bloom" and discussing the allegations regarding Mr. Bloom: "It is undisputed that no further confrontations occurred after February 2008." Order, p. 6. Plaintiff states this is an error of fact because "Ms. Edmonson had a confrontation with supervisor Oneyami after the February 4, 2008 incident with Mr. Bloom" and "after the February 4, 2008 incident Ms. Edmonson had an indirect confrontation with Mr. Bloom when Mr. Bloom, with sexual innuendo, told Ms. Edmonson's co-worker 'Something about I will be relieving your girlfriend tomorrow.'"

Plaintiff's contentions are inapposite; my conclusion regarding "no further confrontations" referred solely to Ms. Edmonson's confrontations with Mr. Bloom. Ms. Edmonson's vague testimony that Mr. Bloom told her co-worker "something about I will be relieving your girlfriend tomorrow" does not constitute a confrontation with Mr. Bloom.

---

[1] She could have, for example, shown that Akal had a practice of applying its rules in a discriminatory manner, but she did not. *See Jones*, 137 F.3d at 1311-12 ("Defendant was entitled to conclude that taking a day off after a request for the day off is denied is not insubordination under its rules, but instead, is an attendance violation. Nothing is wrong with this practice as long as the practice is followed in a nondiscriminatory manner (and no evidence shows discriminatory application—whites and blacks treated

Further, Plaintiff did not dispute Defendant's allegation in its Statement of Undisputed Facts that "Bloom did not say or do anything inappropriate to Plaintiff after the February 2008 incident." The facts set forth in Defendant's Statement of Undisputed Facts are deemed admitted to the extent that they are supported by evidence in the record, and are not specifically disputed in Plaintiff's opposing statement of facts.  S.D. Fla. L.R. 7.5(D); *see also Gossard v. JP Morgan Chase & Co.,* 612 F. Supp. 2d 1242, 1245-1246 (S.D. Fla. 2009).  Defendants supported the statement about Mr. Bloom by citing to Ms. Edmonson's deposition transcript, where she makes the following admission:

> Q.  After February of 2008 when the incident we discussed took place, did Mr. Bloom ever claim or do anything that you believed to be inappropriate?
> A.  No, no.  He said something to – something to one of my co-workers.  I don't remember exactly.
> Q.  Ma'am, did Officer Bloom ever say or do anything to you after February –
> Q.  After February 2008 did Officer Bloom ever say or do anything to you that you claim to be inappropriate in any way?
> A.  Not me, sir.

Based on the foregoing, I do not find that I made a material error of fact with respect to Ms. Edmonson's confrontations with Mr. Bloom.  Plaintiff's Motion is denied with respect to this issue.

### C. Manifest Error of Fact in Citation to Plaintiff's Opposition Brief

Finally, Plaintiff argues that I made a manifest error of facts in citing to Plaintiff's Opposition papers.  Essentially, Plaintiff is arguing that I failed to address her argument that Akal retaliated against Ms. Edmonson by suspending her for five days with final warning because she lodged an internal complaint on February 5, 2008, about Mr. Bloom's conduct.  I agree.  I will analyze this issue below.

An employer may not retaliate against an employee "who has opposed what she believes to be unlawful discrimination."  *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491,

---

differently—of the practice).").

5

1494 (11th Cir. 1989); *see* Fla. Stat. § 760.10.  A plaintiff establishes a prima facie case of retaliation by showing:  (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Holifield*, 115 F.3d at 1566.

  A plaintiff does not need to prove the underlying claim of discrimination, which led to her complaint. *Tipton*, 872 F.2d at 1494.  Instead, the plaintiff's activity is protected "if she could reasonably form a good faith belief that discrimination in fact existed." *Id*.  A plaintiff meets the causal link requirement by proving that "the protected activity and the negative employment action are not completely unrelated." *Holifield*, 115 F.3d at 1566.  The plaintiff must also show that the employer was "actually aware of the protected expression at the time the employer took adverse employment action against the plaintiff." *Id*.

  If a plaintiff establishes a prima facie case, the burden shifts to the employer to articulate "a legitimate non-discriminatory reason for the adverse employment action." *Id*.  If the employer does so, the plaintiff must then demonstrate that "the employer's proffered explanation is a pretext for retaliation." *Holifield*, 115 F.3d at 1566.

  Ms. Edmonson claims that Akal suspended her for five days with final warning in retaliation for her internal complaint on February 5, 2008, about Mr. Bloom's conduct.  Pl.'s Opp. 5.  The incident report she filled out demonstrates that she had a good faith belief that Mr. Bloom's conduct constituted discrimination based on sex.  Incident Report, ECF No. 1, at 25.  Ms. Edmonson therefore meets the first element of a prima facie case of retaliation.  Ms. Edmonson's suspension with final warning qualifies as an adverse employment action.  Ms. Edmonson therefore meets the second element of a prima facie case of discrimination.

  As to the third element of a prima facie case of discrimination—a causal link between the protected activity and the adverse action—Ms. Edmonson points to the two-week temporal

6

proximity between the February 5, 2008 complaint and the February 20, 2008 adverse employment action. Close temporal proximity "may support a finding of a causal connection." *Wascura v. City of So. Miami*, 257 F.2d 1238, 1244-45 (11th Cir. 2001).

Having made out a prima facie case for retaliation, the burden shifts to Akal to articulate a legitimate, non-discriminatory reason for Ms. Edmonson's suspension. Defendant provides Ms. Janet Gunn's affidavit as evidence of a legitimate non-discriminatory reason for suspending Ms. Edmonson. Ms. Gunn is Vice-President of Human Resources at Akal. She avers that Akal determined, after an investigation of the incident between Ms. Edmonson and Mr. Bloom, that both employees engaged in inappropriate and unacceptable conduct, which included profanity and physical touching. Gunn Aff. ¶¶ 13-15. Based on this finding, Akal determined that both employees should be suspended for five days with final warning. *Id*. I find that Akal has met its burden to articulate a legitimate non-discriminatory reason for Ms. Edmonson's suspension.

The burden therefore shifts back to Plaintiff to demonstrate that the Akal's proffered explanation is a pretext for retaliation. "Once the employer meets its burden to produce a non-discriminatory reason for its actions, the presumption of discrimination is eliminated." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 771 (11th Cir. 2005). "To survive summary judgment, the employee must come forward with evidence sufficient to permit a reasonable fact finder to conclude that the legitimate reasons given by the employer were not its true reasons, but were a pretext for discrimination." *Id*. "This evidence must reveal 'such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Id*.

Reading Plaintiff's present Motion together with her Opposition brief on summary judgment, it appears that Plaintiff argues, at most, that the close temporal proximity of the events

7

along with unspecified "discriminatory treatment" establishes pretext.[2] Close temporal proximity, by itself, does not show that a defendant's articulated reasons for termination are pretextual. *Wascura*, 257 F.3d at 1245 (upholding dismissal on summary judgment because plaintiff failed to provide sufficient evidence of pretext). Plaintiff does not point this Court to any specific piece of evidence that creates a genuine issue of material fact that Akal's proffered reason for the suspension was pretextual. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("[T]he nonmoving party [must] go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." (internal quotations omitted)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial" (internal quotations omitted)). Summary judgment is granted in favor of Akal on Plaintiff's retaliation claim based on her five-day suspension with final warning.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Reconsideration (ECF No. 45) is **GRANTED in part and DENIED in part**, as follows:

1. Plaintiff's Motion is **DENIED** as to her argument on manifest error of law in interpreting *Mizell v. Miami-Dade Cnty.*, 342 F. Supp. 2d 1084, 1095 (S.D. Fla. 2004).

2. Plaintiff's Motion is **DENIED** as to her argument on manifest error of fact in

---

[2] Plaintiff makes a general statement that "the approx. 2 week temporal proximity between the February 5, 2008 complaint with good faith belief of discrimination based on sex, on the one hand, and the February 20, 2008 adverse employment action of a 5-day suspension with final warning, on the other hand, show a prima facie case of Retaliation for which Defendant lacks any non-pretexual legitimate basis." Pl.'s Mot. 5. In her Opposition brief, Ms. Edmonson argues that the close temporal proximity of the events, "particularly in light of the abovementioned discriminatory treatment by Akal against Ms. Edmonson," establish a prima facie case of retaliation. Pl.'s Opp. to Mot. Summary Judgment 5. It is unclear, from a review of the Plaintiff's Opposition brief, what facts specifically constitute the "abovementioned discriminatory treatment" to which Plaintiff refers.

concluding that no further confrontations occurred with Mr. Bloom after February 2008.

      3.      Plaintiff's Motion is **GRANTED** as to her argument on manifest error of fact in citation to Plaintiff's opposition brief, to the extent that I addressed Plaintiff's retaliation claim based on her suspension with final warning. Having reconsidered the matter, I find no reason to change my decision granting summary judgment for Defendant. I will issue forthwith an Amended Order granting Defendant's Motion for Summary Judgment to include the discussion set forth in Section II.C of this Order.

      **DONE and ORDERED** in chambers, at Miami, Florida, this 2ND day of June 2011.

      */s/ Marcia G. Cooke*
      MARCIA G. COOKE
      United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*